UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SOGHRA BAYGAN, et al.,

    Petitioners,

  v.

ALBERTO GONZALES, et al.,

    Respondents.

CASE NO. C06-1831JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on Respondents' motion to dismiss and/or remand the matter to the United States Citizenship and Immigration Services ("CIS") (Dkt. # 23). For the reasons stated below, the court GRANTS in part and DENIES in part the motion, and REMANDS the matter to CIS for an expeditious resolution of Petitioners' naturalization applications.

## II. BACKGROUND & DISCUSSION

Petitioners are a married couple seeking naturalization. In May 2005, Petitioners filed naturalization applications with CIS. CIS interviewed Petitioners in September 2005, but failed to make any determination on their applications for over a year. Consequently,

ORDER – 1

Petitioners filed this suit on December 26, 2006, pursuant to 8 U.S.C. § 1447(b).[1]  In their prayer for relief, Petitioners request that the court adjudicate their naturalization applications or remand the matter to CIS to make a determination on an expedited basis.  Compl. at 6.  Respondents now move to dismiss the action for lack of subject matter jurisdiction or remand the matter to CIS.

At the outset, the court holds that it has jurisdiction over the action because CIS has failed to make a determination on Petitioners' applications within 120 days of their respective examinations.  See 8 U.S.C. § 1447(b).[2]  Accordingly, the court denies Respondents' motion to dismiss on this basis and turns to the question of whether remand to CIS is warranted.

Among other requirements, an applicant for naturalization must "demonstrate an understanding of the English language" and "demonstrate a knowledge and understanding of the fundamentals of the history, and of the principles and form of government, of the United States."  8 C.F.R. §§ 312.1(a), 312.2(a).  An applicant may, however, seek an exemption to this requirement by submitting a "Form N-648."  See 8 U.S.C. § 1423(b) (providing that an applicant may seek a waiver based on physical or development disability or mental impairment); 8 C.F.R. § 312.2(b)(2).

---

[1] The statute provides, in part: "[i]f there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted . . . the applicant may apply to the United States district court . . . for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to [CIS] to determine the matter." 8 U.S.C. § 1447(b).

[2] Respondents, as they have on several other occasions, argue that the court lacks jurisdiction over the matter based on a contention that the statutory 120-day period begins to run only when the entire examination process is complete.  The Judges within this district, following the majority of other district courts, have uniformly rejected Respondents' proffered construction of § 1447(b).  See, e.g., Alghawi v. Gonzales, No. 07-586, 2007 WL 2288056, *1 (W.D. Wash. Aug. 6, 2007) (Pechman, J.); Stepchuk v. Gonzales, No. 06-570, 2006 WL 3361776, *2 (W.D. Wash. Nov. 17, 2006) (Lasnik, J.); Tyomkina v. Gonzales, No. 06-1360, 2006 WL 4012178, *1 (W.D. Wash. Nov. 6, 2006) (Robart, J.). In future pleadings, the court expects Respondents to, at a minimum, acknowledge this prior authority.

ORDER – 2

Respondents previously indicated that the sole source of delay in adjudicating Petitioners' naturalization applications was a review of their N-648 Forms. To that end, the court directed Respondents to provide information to the court regarding whether CIS had indeed completed review of Petitioners' N-648 Forms. See July 17, 2007 Order (Dkt. # 29). Respondents filed a supplemental brief indicating that CIS scheduled interviews in June 2007 to review Petitioners' N-648 Forms, but that Petitioners failed to attend. Respondents represent that the process to complete review of the N-648 Forms should take no longer than 30 days, after which CIS could adjudicate Petitioners' naturalization applications within 60 days. Resp't. Supp. Brief (Dkt. # 30) at 3.

Petitioners have submitted a lengthy reply to Respondents' supplemental brief expressing their frustration with the delay in processing their applications. Like others that have come before them, Petitioners are "understandably anxious to complete the naturalization process so they can fully enjoy the benefits of United States citizenship." El-Daour v. Chertoff, 417 F. Supp. 2d 679, 684 (W.D. Pa. 2005) (internal quotation and citation omitted). The court is sympathetic, particularly given Petitioners' advanced age; however, the court is not in the best position to evaluate whether Petitioners can meet the language and civics requirements, or the exception provided in 8 U.S.C. § 1423(b). Indeed, the court does not have before it the portions of the administrative record that would make it possible to reach such a decision. Accordingly, the court concludes that the most efficient way to expedite review of Petitioners' naturalization applications is to remand the matter to CIS to allow it to complete review of the N-648 Forms on an expedited basis. See Stepchuk v. Gonzales, No. 06-570, 2006 WL 3361776, *3 (W.D. Wash. Nov. 17, 2006) (remanding action to allow CIS to review petitioner's Form N-648 and adjudicate naturalization application). The court urges Petitioners to make every effort to cooperate in this process.

ORDER – 3

### III.  CONCLUSION

For the reasons stated above, the court ORDERS as follows:

1. The court GRANTS in part and DENIES in part Respondents' motion (Dkt. # 23), and REMANDS the matter to CIS;

2. CIS shall complete its review of Petitioners' N-648 Forms within **30 days** of the date of this order;

3. CIS shall make a determination on Petitioners' naturalization applications within **60 days** of the date on which the review process of the N-648 Forms is complete; and

3. In the event that CIS fails to adjudicate Petitioners' naturalization applications within **90 days** of the date of this order, Petitioners may move this court to re-open the matter, at which time the court will set a date for a hearing on Petitioners' naturalization applications.

Dated this 15th day of August, 2007.

JAMES L. ROBART
United States District Judge

ORDER – 4